OPINION OF THE COURT
John R. LaCava, J.
Plaintiff was employed by the Office of Children and Family *59 Services at the Harlem Valley Secured Facility for a period of 10 months commencing in May 1997. Through this action she seeks compensatory and punitive damages in connection with allegations of sexual abuse, sexual harassment, sexual molestation, physical abuse, and psychological abuse suffered at the hands of her supervisor, defendant Grant, during her tenure at the facility. She asserts civil rights violations (42 USC § 1983) and violations of the Executive Law of the State of New York.
Most relevant to the instant application is plaintiff’s assertion that on or about April 14, 1998 she had turned around to see that Grant had opened his pants and exposed his penis to her. Continuing, plaintiff asserts that he grabbed her, attempted to kiss her, and restrained her against her will. Upon backing away, plaintiff observed that Grant had ejaculated upon her clothing, her shoe, and the floor. She then ran into another room where she wiped onto the carpeted floor the semen that she had observed on her shoe. Although previously believing that she had thrown her shoes away along with the clothing that she had been wearing that day, plaintiff claims to have found the pair of shoes on July 17, 1999.
This application for an order directing Grant to subject himself to DNA testing and to scientifically examine the yet-to-be-disclosed carpeted area is based upon plaintiff’s “strong belief’ that the carpet and her shoe contain traces of Grant’s semen.
Defendant Office of Children and Family Services consents to an order permitting “any reasonable examination of its premises.” In reply, plaintiff has agreed to identify the room, and area within the room, sought to be examined, and to limit the duration of the inspection to one hour at a mutually agreeable time. Based thereon, the court grants that aspect of the motion as is more fully set forth below.
The motion is denied, however, without prejudice as set forth herein, to the extent that it relates to compelling Grant to submit to have DNA analysis performed on, presumably, a sample of his blood or saliva so that it can be compared to the DNA contained in the recovered semen.
The application as it relates to Grant does not fall under CPLR 3121. That section deals with physical and mental examinations wherein the “mental or physical condition or the blood relationship of a party * * * is in controversy * * * [in which case] any party may serve notice on another party to submit to a physical, mental or blood examination” (CPLR *60 3121 [a]). Rather, the application falls under the general disclosure provision of CPLR 3101 (a), which requires a showing that the desired disclosure be “material and necessary in the prosecution * * * of an action.”*
While not addressed in plaintiffs papers, for purposes of this motion, the court will assume that DNA analysis of a sample of Grant’s blood or saliva, when compared with semen recovered from a location relevant to the incident and from plaintiffs shoe, will be “material and necessary” to the prosecution of her case. However, upon balancing plaintiffs speculative and unsupported “strong belief’ that semen will be recovered from her shoe and in the room into which she fled more than 15 months before, against the invasive nature of the application, the court denies the application as premature and speculative. However, denial is without prejudice to reapplication upon expert proof that semen was recovered from the shoe or the carpet, and in such a quantity and of such quality to allow for accurate DNA analysis of the recovered sample(s). This will ensure that the granting of the application as to Grant, if the court were to be so inclined upon reapplication, will not be an academic exercise and an unnecessary invasion of Grant’s privacy interests.
Based upon the foregoing, it is ordered that defendant Office of Children and Family Services permit plaintiff or her agents, for a period of one hour on a mutually agreeable day and at a mutually agreeable time, to conduct an examination of the area within the room into which she claims to have fled, upon the condition that plaintiff first reveal the subject area to defendant Office of Children and Family Services; and it is further ordered that the parties shall arrange to have the inspection conducted by October 22, 1999; and it is further ordered that, to any further extent, the motion is denied without prejudice as set forth herein.

 Compare, CPL 240.40 (2) (b) (v), applicable to criminal actions only, which “[u]pan motion of the prosecutor, and subject to constitutional limitation” allows the court to issue an order directing a criminal defendant to “[p]ermit the taking of samples of blood, hair and other material from his body in a manner not involving an unreasonable intrusion thereof or a risk of serious physical injury” (see also, Matter of Abe A., 56 NY2d 288, 291).